IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CEDRIC CHRISTOPHER EDISON, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION H-06-1019 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

## **OPINION ON DISMISSAL**

Cedric Christopher Edison, a state prison inmate, seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges a 1998 conviction for aggravated robbery in cause no. 29,683 in the 240th District Court of Ft. Bend County, Texas.

Edison raises these grounds for relief in his Petition:

1. Actual innocence.
2. The affiant did not sign or swear to the criminal complaint.
3. The jurat in the complaint contains no date and no signature.
4. Counsel was ineffective for failing to use compulsory process to obtain relevant, material evidence.
5. The prosecutor failed to disclose failure evidence concerning the co-defendants.

Edison filed a prior federal writ petition in this Court challenging the same state court conviction. *See Edison v. Cockrell*, No. H-01-CV-4423. In that case, this Court granted the Respondent's motion for summary judgment and denied the prior federal petition. *See id.*, Docket Entry No. 21.

Edison raised these grounds for relief in his prior Petition:

1. The trial court erred in failing to instruct the jury on the lesser-included offense.
2. The trial court erred in responding to the jury's notes.
3. The evidence was insufficient.
4. Trial counsel rendered ineffective assistance of counsel:

1

      a) by failing to properly investigate and to call witnesses;
      b) by failing to communicate to Edison a plea bargain offer;
      c) by failing to timely file a motion for new trial;
      d) by failing to raise the issue of competency; and
      e) by signing a jury separation agreement.
5. Appellate counsel was ineffective by failing to raise meritorious issues on appeal and failing to consult with Edison.

Although it appears that all of the claims raised in the instant petition were not raised in the prior petition, Edison contends that the only claim presented for the first time in this second petition is his claim of actual innocence. *See* Docket Entry No. 1, p. 8, ¶ 22.

In general, federal habeas petitioners must bring their claims in one action. 28 U.S.C. § 2244(b) provides, in part:

> (1) A claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed.  (2) A claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless --
>    (A) the applicant shows that the claims rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable;  or
>    (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;  and
>     (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A district court may hear a claim not presented in a prior federal petition only if the court of appeals issues an order of authorization. 28 U.S.C. § 2244(b)(3). Any claim that was raised in a prior federal habeas petition is not subject to adjudication by the district court and must be dismissed. 28 U.S.C. § 2244(b)(1).

There is no allegation or showing that Edison has sought or received authorization from the

Court of Appeals to proceed in this Court as to the new claims he is raising. This case should be dismissed without prejudice for want of jurisdiction. Accordingly,

It is ORDERED that this action be DISMISSED without prejudice to seeking authorization from the Court of Appeals to proceed in this Court on any new claims. Edison's motion to proceed *in forma pauperis* [Docket Entry No. 3] is DENIED because he has $25 in his inmate trust fund account.

Where a denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.), *cert. denied*, 534 U.S. 945 (2001). A certificate of appealability will not issue.

SIGNED at Houston, Texas, on April 21, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE